SEABOARD NAT. BANK OF NEW YORK v. SLATER.

(Circuit Court, D. Connecticut. December 11, 1900.)

CORPORATIONS — LIABILITY OF STOCKHOLDERS TO CREDITORS — UNPAID SUB-SCRIPTIONS.

A complaint, in a suit by a judgment creditor of an insolvent Nebraska corporation against a stockholder, based on Const. Neb. art. 11, § 4, which makes the original subscriber of stock in a corporation liable to its cred-itors to the extent of their unpaid subscriptions, and provides that the liability for unpaid subscriptions shall follow the stock, does not state a cause of action, where it shows that the stock held by defendant was not subscribed for, but was issued in payment of a claim which constituted, at least, a pretended consideration, and without any agreement or expec-tation that it should be further paid for, and was subsequently transferred to defendant; no fraud on his part being alleged.

On Demurrer to Complaint.

Charles A. Clark and Bristol, Stoddard & Bristol, for complainant. Brandeis, Dunbar & Nutter and Frank T. Brown, for respondent.

TOWNSEND, District Judge. The complaint alleges that the Lin-coln Street-Railway Company was a corporation under the laws of Nebraska; that the property of said corporation has been fore-closed by bondholders; that complainant has obtained a judgment in a suit in a state court of Nebraska for $15,000, and that there are other creditors of said corporation; that defendant is a holder and owner of 6,246 shares of common stock of said corporation, each of the par value of $100, none of which was ever paid for; and it prays that the amount due the complainant, and any other cred-itors who may choose to join with complainant in this suit, may be ascertained, and for a decree that defendant pay such amount due. The mode in which said stock came into the hands of the defendant is alleged at length. Briefly, the statements are that the road of said corporation was constructed and equipped, and its properties purchased and acquired, through the firm of F. W. Little & Co., which charged the corporation $1,000,000 for franchises granted to it, $100,000 for franchise and right of way of the Rapid-Transit Com-pany, a prior corporation, and made other charges for commissions; that 8,000 shares were originally issued to Lee, Higginson & Co., and afterwards got in, nothing having been paid for them; and that the stock of the defendant was transferred to him from F. W. Little & Co., the defendant paying nothing for the shares, and being chargeable with, and having full notice and knowledge of, the rights of the corporation. Defendant demurs, and claims that complainant should first recover judgment at law against the defend-ant in Connecticut; that said corporation is necessarily a party to the suit; that, before suing here, there must be preliminary pro-ceedings in Nebraska; and that, on the allegations of the complaint, complainant has no equity. The complaint founds defendant's lia-bility upon section 4, art. 11, of the constitution of the state of Ne-braska, which is as follows:

"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate

property shall have been exhausted, the original subscribers thereof shall be individually liable to the extent of their unpaid subscriptions, and the liability for the unpaid subscriptions shall follow the stock."

It then adds as follows:

"By means whereof the defendant herein is liable for the full face amount or par value of the shares of common stock of the said Lincoln Street-Railway Company held and owned by him as herein stated and set forth, to the creditors of said corporation, including your orator, complainant herein."

But the complaint nowhere alleges that the stock belonging to the defendant was ever subscribed for, and it sufficiently appears that it was never in fact subscribed for, but was issued without subscription, in payment for, at least, a pretended consideration,. and that there was no intent on the part of the corporation, or those receiving the stock, that it ever should be paid for. Defendant has not come within the terms of the constitution of Nebraska which are relied upon. He has never promised to pay for this stock, and there is no allegation of any fraud on his part whereby the creditors of the corporation have been injured, and nothing to show that they have suffered any loss by reason of the issuance of the stock, or that the stock ever had any actual value. The distinction between stock which has and that which has not been subscribed for is sharply drawn in Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, 35 L. Ed. 88; and, on the authority of that case, and of Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227, the demurrer is sustained. See, also, Troup v. Horbach, 53 Neb. 795, 74 N. W. 326; Penfield v. Gas Co., 57 Neb. 231, 77 N. W. 672. This conclusion dispenses with the necessity of examining the other points of the demurrer.