### SEABOARD NAT. BANK v. SLATER.

#### (Circuit Court, D. Connecticut. September 16, 1902.)

#### No. 1,024.

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS TO CREDITORS—UNPAID SUB-
SCRIPTIONS.

   Const. Neb. art. 11b, § 4, which provides that the original subscribers to the stock of a corporation shall be individually liable to creditors, after the property of the corporation shall have been exhausted, "to the extent of their unpaid subscriptions, and the liability for unpaid subscriptions shall follow the stock," does not impose liability upon a holder of stock which was never subscribed for, but was delivered to him as a bonus for making a loan to the corporation, without any agreement or expectation that it should be paid for.

In Equity. On demurrer to amended bill.

Charles A. Clark and Bristol, Stoddard & Bristol, for complainant.
Brandeis, Dunbar & Hutter and Frank T. Brown, for respondent.

TOWNSEND, Circuit Judge. Since the sustaining of the demurrer in this case (105 Fed. 179), complainant has amended its bill, and the defendant demurs to the bill as finally amended. The facts are set out more in detail. The principal new allegations necessary to be considered are to the effect that 6,046 shares of the 6,246 shares of the capital stock of the Lincoln Street Railway Company, held by defendant, were transferred to him upon a written agreement, which recited that the corporation was in an embarrassed condition; that, to enable it to proceed and to carry on its necessary and legitimate business and affairs, sums of money were required from time to time, amounting in the aggregate to $100,000; that the corporation agreed to repay said sums with interest, and to procure and transfer to the defendant 6,046 shares of its common stock to and for his absolute

¶ 1. Stockholders' liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.

See Corporations, vol. 12, Cent. Dig. § 952.

use free from all liens, claims, and trusts, as a bona fide consideration for making such loan, and guarantied that all of said stock should be full-paid and nonassessable; that defendant afterward loaned between $15,000 and $20,000, and then repudiated the contract, and refused to make any further loans or advances. Upon these allegations there was never any agreement on Slater's part to pay for this stock. It was never subscribed for. Even if he could be held liable, upon proper allegations, for breach of contract in not loaning the full amount promised by him, the facts did not place him under any obligation to pay for the stock thus transferred. There is nothing in the complaint which shows that the complainant or any creditors of the company have suffered from the transfer of stock to defendant, or calls for any change in the ruling made on the former demurrer.

It is unnecessary to pass upon the other questions raised by the pleadings.

The demurrer is sustained.